1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

GRISELDA LAZOROSAS,

        Plaintiff,

    v.

MERCEDES-BENZ USA, LLC, and DOES 1-10, inclusive,

        Defendants.

Case No. 8:24-cv-01161-JWH-DFM

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF No. 12]**

Before the Court is the motion of Plaintiff Griselda Lazorosas to remand this case to Orange County Superior Court.[1]  In broad strokes, Lazorosas argues that Defendant Mercedes-Benz USA, LLC has not presented sufficient evidence to establish that the amount in controversy in this action exceeds the statutory threshold for this Court to exercise subject matter jurisdiction under 28 U.S.C. §§ 1331 or 1332.[2]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[3] the Court orders that the Motion to Remand is **DENIED**, for the reasons set forth herein.

## I.  BACKGROUND

Lazorosas commenced this action in Orange County Superior Court in April 2024.[4]  In her Complaint, Lazorosas asserted three claims for relief against Mercedes-Benz based upon violations of the Song-Beverly Consumer Warranty

---

[1]    Pl.'s Mot. to Remand (the "Motion") [ECF No. 12].

[2]    *See generally id.*

[3]    The Court considered the documents of record in this action, including the following papers:  (1) Notice of Removal (including its attachments) [ECF No. 1]; (2) Compl. (the "Complaint") [ECF No. 1-2]; (3) Motion; (4) Def.'s Opp'n to the Motion (the "Opposition") [ECF No. 16]; (5) Pl.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 17]; (6) Def.'s Objection and Request to Strike Pl.'s Reply (the "Objection") [ECF No. 18]; (7) Def.'s Suppl. Opp's to the Motion (the "Supplemental Opposition") [ECF No. 21]; and (8) Pl.'s Suppl. Briefing in Supp. of the Motion (the "Supplemental Brief in Support") [ECF No. 22].  To the extent that Lazorosas raised arguments related to the timeliness of removal in the Reply, the Court disregards those arguments.  *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived.").

[4]    *See generally* Complaint.

1  Act, the Consumer Legal Remedies Act, and the Magnuson-Moss Warranty
2  Act.[5]

3        Mercedes-Benz removed this action to this Court in May 2024 on the
4  basis of federal question and supplemental jurisdiction.[6]  Lazorosas filed the
5  instant Motion in September 2024.[7]  In her Motion, Lazorosas asserts that
6  Mercedes-Benz cannot establish federal question jurisdiction because Mercedes-
7  Benz cannot satisfy its burden to show that the amount in controversy in this
8  matter exceeds $50,000, which is necessary for federal jurisdiction under the
9  Magnuson-Moss Warranty Act.[8]  Lazorosas did not, however, concede that she
10  seeks a monetary judgment of less than $50,000.[9]  Therefore, on its own
11  Motion, the Court granted Mercedes-Benz leave to engage in jurisdictional
12  discovery and ordered the parties to submit supplemental briefing on the
13  amount in controversy.[10]

14                 **II.  LEGAL STANDARD**

15        Federal courts are courts of limited jurisdiction.  Accordingly, "[t]hey
16  possess only that power authorized by Constitution and statute."  *Kokkonen v.*
17  *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In every federal case, the
18  basis for federal jurisdiction must appear affirmatively from the record.  *See*
19  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).  "The right of
20  removal is entirely a creature of statute and a suit commenced in a state court
21  must remain there until cause is shown for its transfer under some act of

22   

23  [5]      *See id.*
24  [6]      *See* Notice of Removal.
25  [7]      *See* Motion.
26  [8]      *See generally id.*
27  [9]      *See id.*
28  [10]     *See* Order Regarding Pl.'s Mot. to Remand [ECF No. 19].

1   Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal
2   quotation marks omitted). Where Congress has acted to create a right of
3   removal, those statutes, unless otherwise stated, are strictly construed against
4   removal jurisdiction. *See id.*

5       To remove an action to federal court under 28 U.S.C. § 1441, the
6   removing defendant "must demonstrate that original subject-matter jurisdiction
7   lies in the federal courts." *Syngenta*, 537 U.S. at 33. As such, a defendant may
8   remove civil actions in which either (1) a federal question exists; or (2) complete
9   diversity of citizenship between the parties exists and the amount in controversy
10  exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332. "Complete diversity" means
11  that "each defendant must be a citizen of a different state from each plaintiff."
12  *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

13      The right to remove is not absolute, even when original jurisdiction exists.
14  In other words, the removing defendant bears the burden of establishing that
15  removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th
16  Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on
17  removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564,
18  566 (9th Cir. 1992) ("[t]he strong presumption against removal jurisdiction
19  means that the defendant always has the burden of establishing that removal is
20  proper" (quotation marks omitted)). Any doubts regarding the existence of
21  subject matter jurisdiction must be resolved in favor of remand. *See id.*
22  ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of
23  removal in the first instance").

### III.  ANALYSIS

25      An action removed based upon the Magnuson-Moss Warranty Act does
26  not trigger federal question jurisdiction unless the amount in controversy
27  exceeds "the sum or value of $50,000 (exclusive of interest and costs)
28  computed on the basis of all claims to be determined in the suit." 15 U.S.C.

-4-

1  § 2310(d)(3)(B).  To determine the amount in controversy, a court looks to the

2  California Song-Beverly Consumer Warranty Act, which permits a plaintiff to

3  recover "an amount equal to the actual price paid or payable by the buyer" less

4  any amount "directly attributable to use by the buyer prior to the time the buyer

5  first delivered the vehicle to the manufacturer or distributor, or its authorized

6  service and repair facility for correct if the problem that gave rise to the

7  nonconformity."  Cal. Civ. Code § 1793.2(d)(2)(B)-(C).  A successful plaintiff

8  may also recover a civil penalty of up to two times the amount of actual damages.

9  *See id.* at § 1794(c).

10        Lazorosas contends that, for the purpose of the amount in controversy,

11  she seeks only $49,140.79, which places this case just below the threshold for

12  federal jurisdiction.[11]  That amount includes the payments made, loan payoff,

13  and insurance premiums, less mileage offsets.[12]  It does not include civil

14  penalties or attorneys' fees—each of which Lazorosas seeks—because

15  Lazorosas contends that neither civil penalties nor attorneys' fees are properly

16  included in the amount in controversy.[13]  More specifically, Lazorosas maintains

17  that civil penalties should not be included because they are not guaranteed and

18  that attorneys' should not be included because they are "costs."[14]

19        Neither of those arguments is persuasive.  Courts routinely include civil

20  penalties when calculating the amount-in-controversy for Magnuson-Moss

21  purposes.  *See, e.g.*, *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240-41 (C.D.

22  Cal. 2005).  More importantly, the Ninth Circuit has held that "attorneys' fees

23  are not 'costs' within the meaning of the [Magnuson-Moss Warranty Act] and

24

---

25  [11]     *See* Supplemental Brief in Support 2:15-19.

26  [12]     *See id.*

27  [13]     *See id.* at 4:22-5:14.

28  [14]     *See id.* at 5:7-14; *see also* Supplemental Opposition.

therefore must be included in the amount in controversy if they are available to prevailing plaintiffs pursuant to state fee-shifting statutes." *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022). The Song-Beverly Act permits a successful plaintiff to recover reasonable attorneys' fees, so attorneys' fees must be included when calculating the amount in controversy here. *See* Cal. Civ. Code § 1794(d).

Adding either the applicable civil penalties or a reasonable fee award to Lazorosas's $49,140.79 damages request necessarily results in a sum greater than $50,000. Accordingly, the Court possesses subject-matter jurisdiction, and the Motion is **DENIED**.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** that Lazorosas's instant Motion to remand [ECF No. 12] is **DENIED**.

**IT IS SO ORDERED.**

Dated:   January 7, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE